## SUPREME HIVE OF LADIES OF MACCA-BEES OF THE WORLD v. OWENS.
### (No. 7153.)

(Court of Civil Appeals of Texas. Dallas.
May 9, 1914. Rehearing Denied
May 30, 1914.)

INSURANCE (§ 753*)—FRATERNAL INSURANCE—PAYMENT OF DUES AND ASSESSMENTS—VA-LIDITY.

Where a member at large of a fraternal insurance order composed of local hives and a Supreme Hive paid dues and assessments to a third person, who remitted them to the Supreme Hive, who received them without objections, and the member, receiving no instructions from the Supreme Hive not to pay any further dues or assessments to the third person, continued during his life to pay dues and assessments to the third person, who never remitted them to the supreme officers, the order could not defeat a recovery on the benefit certificate on the ground of failure to pay dues and assessments.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1903, 1905; Dec. Dig. § 753.*]

Appeal from Dallas County Court; W. F. Whitehurst, Judge.

Action by Ocie Owens against the Supreme Hive of the Ladies of the Maccabees of the World. From a judgment for plaintiff, defendant appeals. Affirmed.

Homer L. Baughman and Odell & Turner, all of Ft. Worth, for appellant. Cecil L. Simpson, of Dallas, for appellee.

RAINEY, C. J. Appellee sued appellant to recover on a benefit certificate issued to his mother, Mrs. Jennie Logan, for $500. Appellant denied liability, on the ground that Mrs. Logan was suspended long prior to her death for failure to pay dues and assessments as provided in the by-laws of the order. Judgment being rendered against the appellant, it appealed.

While there are many questions raised by appellant, a decision of the case rests upon the question whether or not L. O. Harvey was the agent of appellant and authorized to receive dues and assessments from members.

Mrs. Logan became a member of Uniform Hive No. 68 of said order. Said hive demised, but, under the rules of the order, Mrs. Logan remained a member at large of the Maccabees, and paid her dues and assessments to L. O. Harvey, who remitted the same to the Supreme Hive, who received said payments. No objection was made to this on the part of the Supreme Hive. Mrs. Logan died on August 26, 1912, and it is claimed she paid no dues or assessments after March 1, 1912, and, if she did so, Harvey was not authorized to receive them, as he had been instructed by the Supreme Hive not to receive any dues or assessments from any member after the 20th of each month. These instructions were never communicated to Mrs. Logan, and she continued to pay into the office of said Harvey dues and assessments as she had done theretofore, after the 1st of March until her death. This money was received by Harvey, but he never remitted it to the Supreme Secretary. This should not affect the plaintiff's claim, as the evidence shows Mrs. Logan paid the money to Harvey without notice of said instructions.

The evidence, we think, fully sustains appellee's claim, and, finding no reversible error in the record, the judgment is affirmed.